ELLIS, Judge.
This is an expropriation suit in which the plaintiff, Dixie Electric Membership Corp., is taking a 100 foot right of way containing 5.81 acres for an electric line across a tract of ground belonging to defendant, Melba Harvey. The only matter in controversy is the value of the servitude taken by plaintiff. After trial on the merits, the district court found the value of the property to be $600.00 an acre and no severance damages were awarded. He fixed the fee of the defendant’s expert witness at $350.00. The defendant has appealed, and plaintiff filed an answer thereto which has, however, been abandoned in this court.
Two experts testified in the case. The first of these, who was employed by the plaintiff, found the highest and best use of the subject property was for the growing of timber, its present use. Based on four comparable sales, he fixed the value per acre at $514.75, and the value of the servitude at 80% of that amount. He was of the opinion that there were no severance damages.
The second expert, who testified on behalf of the defendant, found the highest and best use of the property to be for subdivision purposes. He testified that the basic value of the land was $689.94. He also found severance damages of 80% to a 100 foot strip on either side of the right of way, and a 5% to the remainder of the tract. He estimated the value of the timber destroyed when the right of way was cleared was $647.67. He felt that the land value was $4,008.55, severance damages to be $13,982.64, which when coupled with the damage to the timber gives a total award of $18,638.86. He felt that the plaintiff was entitled to 100% of the value of the land even though only a servitude was taken.
Because of the great disparity between the estimates made by the two experts who testified, the trial judge appointed a third expert to testify as to the value of the property. He found that the land, based on comparable sales, was worth about $300.00 per acre, and fixed the value of the servitude at 80% of that value. He felt that the highest and best use of the property was for growing timber, and that there were no severance damages because there was no loss in the use of the property which remained after the taking. However, because the plaintiff in this case had paid about $750.00 per acre for similar rights of way across the adjoining properties, he felt the plaintiff had “made its own market” in that area and testified that he thought the value of the subject right of way was $750.00 per acre.
After considering all of the foregoing, the district judge decided that the servitude taken was worth $600.00 an acre and that *318 there were no severance damages due. Although he rendered no written reasons, it is evident that he agreed with two of the experts that the highest and best use of the property was for growing timber.
Defendant has assigned three specifications of error. First, he complains that the award of $600.00 per acre for the servitude taken is too low, and asks that it be increased to $660.00 per acre. He contends that the increase is justified because the district judge erred by awarding 80% of the value of the land instead of 90%, which has been awarded in a number of cases. Since no written reasons were rendered by the trial judge, we are unable to say if defendant is correct in his conjecture. After reviewing the record, we have concluded that the finding of the district judge is amply supported by the record.
The second assignment of error relates to the failure of the district judge to award severance damages. Two of the expert witnesses were of the opinion that there were no severance damages, basing their conclusion on the fact that, after the taking, the utility of the remaining land as timber growing property was unaffected. The third expert, who felt the highest and best use of the property was for sub-division purposes, testified that the land immediately adjoining the right of way was damaged substantially, and the rest of the property damages to a lesser extent because of the power line to be built.
Since we are of the opinion that the record supports the conclusion that the highest and best use of the property is for the growing of timber, its present use, we find that no severance damages are due.
The third specification of error is directed at the award of the trial judge of $350.00 as the fee of the expert witness retained by the defendant. It is claimed that he should have been awarded $450.00. Our examination of the record does not reveal any testimony or stipulation bearing on the amount of the defendant’s appraiser. We find no abuse of discretion on the part of the trial judge.
The judgment appealed from is, accordingly, affirmed, at defendant’s cost.
Affirmed.